**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036,<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036,<br>                    Plaintiffs,<br>v.<br><br>TAN FACILITY MAINTENANCE, INC. 44 Cook St., Ste 100 Denver, CO 80206<br>                    Defendant. | Case No: 1:18-cv-2624 |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, REMITTANCE REPORTS, ATTORNEYS' FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought under sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185(a), to collect remittance reports and unpaid collectively bargained contributions, interest, and liquidated damages owed by Defendant Tan Facility Maintenance, Inc. ("Tan Facility").

1

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.      Pursuant to section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## **Parties**

5.      Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.      Plaintiff Trustees of the SEIU Pension Fund, Arun Ivatury, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, Laphonza Butler, David Huerta, and Emanuel Pastreich are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the

participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. At all relevant times, Defendant Tan Facility was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Tan Facility is an administratively dissolved South Dakota corporation with a delinquent registration to do business in the State of Colorado. Upon information and belief, Tan Facility does not have a currently registered agent for process. Its principal place of business according to its registration documents for the State of Colorado is 44 Cook St, Ste 100, Denver, CO 80206. Upon information and belief, it has an additional principal address at 701 W Hale St., Lake Charles, LA 70601.

**Factual Background**

**Collective Bargaining Agreement and Fund's Governing Documents**

9. At all relevant times, Service Employees International Union Local 87 ("the Union") has been the exclusive bargaining representative for all bargaining unit employees employed by Defendant Tan Facility.

10. At all relevant times, Defendant Tan Facility was signatory to a collective bargaining agreement between the San Francisco Maintenance Contractors Association and the Union ("CBA" or "Contract") effective for the period of August 1, 2016 through July 31, 2020. A true, correct and complete copy of the CBA is attached as Plaintiffs' Exhibit 1.

3

11. At all relevant times, Defendant Tan Facility performed services covered by the CBA at two locations, known as 475 Brannon (Site 6824) and 60 Spear (Site 6825).

12. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Pursuant to Section 16 of the CBA states that the Defendant is obligated to remit contributions to the SEIU Pension Fund at the rate of $1.15 per hour worked or paid for all covered employees. Ex. 1, Section 16.1.

13. Pursuant to the CBA Tan Facility agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 2. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 5.1(22). Accordingly, Defendant Tan Facility was obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 3.

14. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 2, Sec. 3.1.

15. Section 2 of the Collections Policy states that "[i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the

Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action." Ex. 3, Sec. 2.

16. Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 2, Sec. 3.2; Ex. 3, Sec. 2.

17. Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 et. seq. ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, January 1, 2017, January 1, 2018, and January 1, 2019. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, April 28, 2018, and April 29, 2019. Copies of these letters are attached as Plaintiffs' Exhibit 4.

18. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009),

and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 5.

19. Defendant Tan was obligated to remit supplemental contributions pursuant to the Fund's Rehabilitation Plan. Pursuant to the CBA, Tan Facility elected the Preferred Schedule for supplemental contributions. Ex. 1, Section 16.1. As such, effective August 1, 2016, Tan Facility owed supplemental contributions in the amount of 72.1% of the base contributions owed. *Id*.

20. For the period of August 2016 through July 2017, Defendant Tan Facility has failed to remit any contractually required remittance reports or contributions. As a result of Tan Facility's failure to remit reports or contributions, it owes interest charges and liquidated damages on the unpaid amounts.

21. Upon information and belief, Defendant Tan Facility ceased to operate at any location requiring contributions to the Fund under the CBA as of July 31, 2017.

## COUNT I

### Reports and Delinquencies

22. Plaintiffs reallege and incorporate Paragraphs 1 thorough 21.

23. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

24. Tan Facility was obligated, under the terms of the CBA, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of its covered employees.

25. Tan Facility has failed to submit remittance reports and contributions for the months of August 2016 through July 2017**.** Without the remittance reports**,** the SEIU Pension Fund cannot properly apply pension credits to covered employees.

26. In accordance with the Fund's Collections Policy, the Fund estimated the contributions owed for the period of August 2016 through July 2017 for 475 Brannon and 60 Spear based on the hours reported by Facility Cleaning International, the employer who took over from Tan Facility at the two sites beginning in August 2017. For Site 6824, the estimated contributions are $15,424.16. For Site 6825, the estimated contributions due are $9,059.21.

27. In accordance with the Fund's Collections Policy, the Fund calculated the liquidated damages owed based on the estimated contributions owed. The estimated liquidated damages due for Site 6824 are $6,416.23. For Site 6825, the estimated liquidated damages due are $4,963.11.

28. In accordance with the Fund's Collections Policy, the Fund calculated the interest owed on the estimated contributions owed through January 15, 2020. The estimated interest due for Site 6824 is $6,416.23 and the estimated interest due for Site 6825 is $4,963.11.

29. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Tan Facility, including reasonable attorneys' fees and court costs.

30. Prior to commencing this lawsuit, the SEIU Pension Fund and its counsel sent multiple letters and attempted to contact Tan Facility in efforts to obtain the outstanding remittance

reports and contributions from the Tan Facility for these months. Tan Facility has not responded or provided the missing reports or made payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Tan Facility will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

31. Tan Facility's continued failure to remit reports and pay owed contributions has caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Tan Facility's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant Tan Facility is delinquent in submitting remittance reports for the periods described herein;

2. Order Defendant to submit the outstanding reports and pay the corresponding outstanding contributions, interest, liquidated damages, and PPA supplemental contributions for these delinquent months based on submitted reports;

3. Or, if Defendant does not provide an answer to this Complaint, enter judgment for the estimated amounts due in the amount of $47,242.05 for unpaid contributions, interest, liquidated damages, and PPA supplemental contributions for the period of August 2016 through July 2017, plus any additional interest that accrues during the pendency of this lawsuit**;**

4. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

5. Retain jurisdiction of this case pending compliance with its Orders; and,

6. Grant such relief as the Court may deem appropriate.

                Respectfully submitted,

                /s/ Mary W. Thuell
                Mary W. Thuell, Bar No. 1007279
                Mooney, Green, Saindon, Murphy & Welch, P.C.
                1920 L Street, NW, Suite 400
                Washington, D.C. 20036
                (202) 783-0010
                (202) 783-6088 Facsimile
                mthuell@mooneygreen.com
                Counsel for the Plaintiffs

Dated: December 17, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 17th day of December, 2019, a true and correct copy of the foregoing **COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, REMITTANCE REPORTS, ATTORNEYS FEES, AND COSTS** was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

    /s/ Mary W. Thuell